J. P. O. Lownsdale, Respondent, v. J. T. Hunsaker and others, Appellants.

*Appeal from Multnomah County.*

When a contract in writing, for the sale of specific articles of personal property, contemplates a counting out of the separate articles to the vendee at a future day, and the acceptance by the vendee of only such articles as are in a certain specified condition.—*Held,* that such writing is not a complete bill of sale, but only a contract to sell.

For a clear understanding of the questions decided by the court it will be necessary to state those facts in the case which are involved in the questions passed upon in this court. In 1862 the plaintiff was the owner of a band of cattle and horses then kept and running in Clickitat county, Washington territory. On the 14th day of February, 1862, plaintiff, by his attorney, Daniel H. Lownsdale, entered into a contract in writing with defendant Hunsaker, for the sale of this band of stock; and the following is a copy of that instrument:

"It is agreed between J. P. O. Lownsdale, by his agent, Daniel H. Lownsdale, and Jacob T. Hunsaker, as follows : said J. P. O. Lownsdale hereby sells to said J. T. Hunsaker, his band of cattle and Indian horses specified in an agreement between said J. P. O. Lownsdale, and Willis Jenkins, and dated August 10th, 1861, which said agreement is hereto attached, to be taken and considered as a part of this contract; said cattle are to be delivered to said Hunsaker in Clickitat county, Washington territory, as soon as practicable after the navigation of the Columbia river is open from Willamette to the city of the Dalles. Upon the delivery of said cattle, or as soon thereafter as practicable, said Hunsaker agrees to pay said J. P. O. Lownsdale, or his said agent, for said cattle and horses at the banking house of Ladd & Tilton,

in Portland, the sum of $6,500.  It is further agreed that if upon the delivery of said cattle and horses, any of them shall be dead or missing, so that they cannot be delivered, or any shall be unable to get up and walk, that said Lownsdale, for each one so dead, missing, or disabled, shall from said sum of $6,500 purchase money make deductions as follows : ' for all cattle (except bulls and calves) $15.54 per head ; for all bulls, $50 ; the calves of last and of the present year are to be taken by said Hunsaker as they are, but no account is to be made of them in any way, either by way of increase or decrease ; for Indian horses or mares, $40 per head.  When said deductions are made, if any shall be necessary, as per this agreement, the balance of said $6,500 shall be paid as aforesaid.' "

On the 4th day of April, 1862, Hunsaker transferred this bill of sale or contract to the other defendants, Hull, Masters & Harbaugh, by an endorsement on the written contract in these words : " For value received (as per agreement between myself and Messrs. Hull, Masters & Harbaugh), I hereby assign, sell and convey unto the said Hull, Masters & Harbaugh, all my right, title and interest in and to the within contract, and the cattle and horses therein conveyed to me."

Hull, Masters & Harbaugh, claimed the cattle under this contract and transfer to them, and took possession of a portion of them without .the consent of the plaintiff; and the plaintiff brought this action to recover the value of the cattle, and damages for the unlawful taking, as he alleges.

*J. H. Mitchell, Esq.*, for appellants.

*G. H. Williams, Esq.*, for respondent.

Boise, J.   One defense relied on by the appellants, defendants, is that this. contract is a complete bill of sale of the property named in it, and that by it the ownership and title to the property became vested in Hunsaker at the time of its execution, and that he and those claiming under him had a right to take the cattle and horses without the consent of .

Lownsdale, and consequently it was no trespass for Hunsaker or those claiming under him to take them. The question is therefore on the construction of this contract.

The court below held that the contract was not a bill of sale, but a contract for a sale; and that by it the property did not pass out of Lownsdale. This court is of the same opinion as was the court below. I think it is clear from the terms of this contract that, if after its execution, any of the cattle or horses named in it had died, the loss would have fallen on Lownsdale; that by the contract there was no delivery of the property, but, that delivery was contemplated at a future time. This was merely a contract for a sale, and if Lownsdale failed to comply, the remedy of Hunsaker was by suit on the contract. There were other questions raised in this case but they are unimportant.

Judgment affirmed.